FILED

MAY 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC D. HOOD,

                Plaintiff - Appellant,

v.

SOUTH WHIDBEY SCHOOL
DISTRICT,

                Defendant - Appellee.

No. 14-35256

D.C. No. 2:11-cv-02024-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

    Eric D. Hood appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging denial of access to courts and state law claims,

following an arbitration over the nonrenewal of his teaching contract.  We have

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment because Hood failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of defendant's alleged withholding of pre-arbitration documents.  *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (access-to-courts claim requires the plaintiff to demonstrate that the defendant's conduct caused actual injury); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court did not abuse its discretion by awarding attorneys' fees against Hood as a sanction because Hood filed three frivolous discovery motions after the district court specifically warned him to discontinue such behavior.  *See F. J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001) (setting forth standard of review).

The district court did not abuse its discretion in denying Hood's motion for leave to amend his amended complaint because amendment would have been futile, and Hood did not demonstrate good cause.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (setting forth standard of review and explaining

that "[f]utility alone can justify the denial of a motion to amend" (citation and internal quotation marks omitted)); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (explaining "good cause" standard).

The district court did not abuse its discretion in denying Hood's motions for reconsideration because Hood did not demonstrate that such relief was warranted. *See Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954-55 (9th Cir. 2013) (setting forth standard of review and grounds for reconsideration).

We do not consider issues not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Hood's motion to file an oversized reply brief, filed on October 21, 2014, is granted. The Clerk is instructed to file the Reply Brief.

Hood's request for sanctions, as set forth in his opening brief, is denied.

Defendant's requests for attorneys' fees and costs, as set forth in their responses to Hood's motions for sanctions and to transmit documents, are denied without prejudice to filing a timely motion for attorneys' fees and a timely bill of costs.

All other pending motions are denied.

**AFFIRMED.**

14-35256